IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JENNIFER JACKSON                                                                                    PLAINTIFF

vs.                                             Civil No. 1:10-cv-01050

MICHAEL J. ASTRUE                                                                              DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Jennifer Jackson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed disability applications on January 29, 2007. (Tr. 9, 95-104). In her applications, Plaintiff alleged she was disabled due to bipolar disorder. (Tr. 118). Plaintiff also alleged at the administrative hearing on July 1, 2008 that she was disabled due to migraine headaches and asthma. (Tr. 46, 49). Plaintiff alleged an onset date of April 18, 2006. (Tr. 9, 95, 100). These applications were denied initially and again upon reconsideration. (Tr. 61-64).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 80-81). An administrative hearing was held on July 1, 2008 in El Dorado, Arkansas. (Tr. 35-60). Plaintiff was present and was represented by counsel, Theodore Stricker, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Dr. Tyra Watts testified at this hearing. (Tr. 35-60). On the date of this hearing, Plaintiff was twenty-seven (27) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had completed high school. (Tr. 39-44).

On October 9, 2008, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 9-20). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2010. (Tr. 11, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 18, 2006, her alleged onset date. (Tr. 11, Finding 2). The ALJ determined Plaintiff had the following severe impairments: headaches, mood disorder, bipolar disorder, and anxiety disorder. (Tr. 11-12, Finding 3). The ALJ also determined none of Plaintiff's impairments, singularly or in combination, met the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12-13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 13-19, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). She has the ability to lift-carry and push-pull up to 20 pounds occasionally and 10 pounds frequently, the ability to stand and/or walk 6 to 8 hours in an 8-hour workday (1-2 hours in a continuous period), and no restrictions in sitting. She should avoid work around unprotected heights or

>dangerous moving machinery, as well as temperature extremes, chemicals, dust, and/or fumes. She can occasionally climb, crouch, kneel, stoop and/or crawl, but should avoid balancing.
>
>The claimant would experience mild to moderate pain symptoms with use of over the counter or prescription medicines. She has issues related to headaches, mood swings, anxiety, bipolar disorder, and hearing voices which are all treated with medication. Therefore, based on psychologically based symptoms, the claimant would require work that is simple and unskilled or semi-skilled in nature, where she can understand, carry out and remember concrete instructions and in which contact with supervisors, co-workers and the public is superficial. Thus, the claimant would have the ability to briefly meet-greet others, make change, and give simple instructions or directions.

(Tr. 13-19, Finding 5).

The ALJ evaluated Plaintiff's PRW ("PRW"), and the VE testified at the administrative hearing regarding this issue. (Tr. 19, Finding 6; 53-59). Based upon that testimony, the ALJ determined Plaintiff's PRW included work as a cashier II. *Id.* The VE also testified that, considering her background, education, work history, and RFC, Plaintiff would be able to perform her PRW as a cashier II. *Id.* In accordance with that testimony, the ALJ determined Plaintiff could perform her PRW and determined Plaintiff had not been under a disability, as defined by the Act, from April 18, 2006 through the date of his decision or through October 9, 2008. (Tr. 19-20, Findings 6-7).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 4-5). *See* 20 C.F.R. § 404.968. On May 6, 2010, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On August 2, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on September 1, 2010. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 7-8. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

3

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

  It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

  To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly

limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 7. Specifically, Plaintiff claims the following: (A) the ALJ failed to give appropriate weight to the opinions of her treating physicians and psychologists; (B) the ALJ incorrectly concluded she maintained the RFC to perform her PRW; and (C) the ALJ improperly evaluated her subjective complaints. ECF No. 13 at 7-10. Plaintiff's arguments, however, are all based upon whether the ALJ properly considered a GAF score she was assessed as having on May 29, 2007. *Id.* Thus, this Court will only consider that issue.

Plaintiff alleged her disability began on April 18, 2006. (Tr. 118). From her alleged onset date until the date of the ALJ's disability determination, Plaintiff was treated by Dr. Kenneth Prather, M.D. at the South Arkansas Regional Health Center and Dr. Shailesh Vora, M.D. at the Neurology & Sleep Disorder Center of South Arkansas. (Tr. 195-214, 215-229). Also during the relevant time period, Plaintiff was evaluated during a consultative examination by Dr. John W. Rago, Ed.D. (Tr.

167-171). Therefore, the significant medical records to evaluate from the relevant time period are from Dr. Prather, Dr. Vora, and Dr. Rago.

On December 13, 2006, Plaintiff was evaluated by Dr. Prather as a part of an initial psychiatric evaluation. (Tr. 203-206). During this evaluation, Plaintiff was assessed as having a GAF score of 52. (Tr. 206). A GAF score of 51 to 60 is indicative of only moderate symptoms. *See* American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* (DSM-IV-TR) 35 (4th ed. text rev. 2000). Dr. Prather continued to treat Plaintiff through 2007. (Tr. 195-202). Those progress notes indicate that Dr. Prather's plan was to continue prescribing and treating Plaintiff with medication, and nothing in these medical records indicates that Plaintiff's mental impairments would preclude the work activity found by the ALJ. *Id.*

On November 19, 2007, Dr. Vora evaluated Plaintiff and assessed her as having headaches and bipolar affective illness with psychotic features. (Tr. 218). To evaluate her headaches, Dr. Vora ordered an EEG for Plaintiff, and Plaintiff underwent an EEG on December 6, 2007. (Tr. 222). The results of this EEG were normal. *Id.* Also to evaluate her headaches, Dr. Vora ordered a MRI of Plaintiff's brain. (Tr. 223). The results of this MRI were normal. *Id.* To address her psychotic symptoms, Dr. Vora recommended adjusting Plaintiff's medications. (Tr. 218). It appears this increase in medication effectively controlled Plaintiff's symptoms as Dr. Vora provided no further treatment for her symptoms of bipolar disorder apart from this medication. (Tr. 228). Further, during the administrative hearing on July 1, 2008, Plaintiff reported that the medication was "pretty much" controlling her bipolar disorder. (Tr. 47).

On May 29, 2007, Dr. Rago evaluated Plaintiff as a part of consultative examination. (Tr. 167-171). During this examination, Dr. Rago found Plaintiff suffered from anxiety disorder, not

otherwise specified and depressive disorder, not otherwise specified. (Tr. 170). Dr. Rago also assessed Plaintiff as having a GAF score of 35-45 which indicates severe psychological problems. (Tr. 170). Dr. Rago also "clearly identified two or more areas with significant limitations in adaptive functioning." *Id.*

Plaintiff argues Dr. Rago's findings should be afforded substantial weight. ECF No. 13 at 7-10. It appears Plaintiff bases her argument that his opinion should be afforded substantial weight upon her claim that Dr. Rago was a "treating" physician. *Id.* However, as clearly indicated by his report, Dr. Rago was merely a consulting psychologist and, as such, his opinion is not entitled to the same weight as a treating psychologist or physician. *See* 20 C.F.R. §§ 404.1527 and 416.927. Indeed, the opinion of a consulting psychologist or physician should be afforded less weight than the opinion of a treating psychologist or physician. *Id.* In the present action, Plaintiff's treating physicians did not find Plaintiff had any severe, uncontrolled impairments that would cause her to be unable to perform the work as determined by the ALJ. Indeed, Dr. Prather assessed Plaintiff as having a GAF of 52 while Dr. Vora treated Plaintiff's allegedly disabling mental impairments with medication.

Also, although Dr. Rago found Plaintiff suffers from severe psychological problems, he also expressed concerns that her reported symptoms might not be legitimate. (Tr. 170). Under the "Validity" heading of the report, Dr. Rago stated, "[h]er reports of visual and auditory hallucinations seemed contrived as she had to think for a while before describing them." *Id.* Thus, although Dr. Rago found Plaintiff suffered from severe impairments in functioning, the validity of these findings is also in question.

Finally, even if the validity of Dr. Rago's findings were not in question and even if Dr. Rago were considered to be Plaintiff's treating psychologist, this one-time GAF score is still not

dispositive.  The SSA has explained that, "[t]he GAF scale, which is described in the DSM-III-R (and the DSM-IV), is the scale used in the multiaxial evaluation system endorsed by the American Psychiatric Association.  It does not have a direct correlation to the severity requirements in our mental disorders listings."  65 Fed. Reg. 50746, 50764-765 (August 21, 2000) *cited with approval in Jones v. Astrue,* 619 F.3d 963, 974 n.4 (8th Cir. 2010) (affirming the decision of the ALJ).

Had Plaintiff *repeatedly* scored at this level of 35-45, this case may need to be remanded for further consideration of the record.  *See Pate-Fires v. Astrue,* 564 F.3d 935, 944 (8th Cir. 2009) (reversing and remanding because the ALJ failed to evaluate the numerous instances where the claimant's GAF score was below 50).  Because Plaintiff did not repeatedly score below 50, this case is clearly distinguishable from *Pate-Fires.*  Accordingly, this Court finds no basis for reversing and remanding Plaintiff's case.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 14th day of April, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

8